UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
JOSE A. SORTO, on behalf of himself and all others similarly   :
situated, and JOSE A. SORTO RAMOS, HENRY ZELAYA,   :   **Case No.: 17 Civ. 5599**
and ERIK RIOS, individually,   :
  :
                                Plaintiffs,   :   **COMPLAINT**
      - against -   :
  :
LEGACY LANDSCAPING, INC. d/b/a LEGACY   :
LANDSCAPING, and GREGG FOWLER,   :
  :
                                Defendants.   :
------------------------------------------------------------------------ X

        Plaintiffs Jose A. Sorto, on behalf of himself and all other similarly situated, and Jose A. Sorto

Ramos, Henry Zelaya, and Erik Rios (collectively "Plaintiffs"), by and through their attorneys,

Shulman Kessler LLP, complaining of the Defendants Legacy Landscaping, Inc. d/b/a Legacy

Landscaping and Gregg Fowler ("Defendants"), allege as follows:

### PRELIMINARY STATEMENT

        1.      This lawsuit seeks to recover unpaid overtime compensation, minimum wages, and

other wages for Plaintiffs and their similarly situated co-workers who have worked for Defendants as

laborers.

        2.      Plaintiffs bring this action seeking monetary damages and affirmative relief based upon

Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §

201, *et seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes

and ordinances.

        3.      Defendants operate a landscaping company within the State of New York.  Plaintiffs

have been employed by Defendants, at various points in time, as laborers, who regularly worked over

40 hours per week, but were not compensated properly for the overtime hours worked.

4.      Defendants also failed to pay their laborers for the hours worked during the portal time from their last assigned landscaping job until the time they left Defendants' yard.

5.      Accordingly, Defendants maintained a policy and practice whereby they failed to pay Plaintiffs overtime wages, by failing to attribute the portal-to-portal time at the conclusion of their workday toward the hours worked each workweek in violation of the FLSA and NYLL.

6.      Accordingly, Plaintiffs are entitled to the unpaid overtime wages for all hours worked in excess of 40 each workweek, including the portal-to-portal time.

7.      Plaintiffs are also entitled to the unpaid wages for the portal-to-portal time worked each workweek.

8.      Plaintiff Jose A. Sorto brings this action on behalf of himself and all similarly situated current and former laborers of Defendant Legacy Landscaping, Inc. pursuant to the FLSA.

9.      Plaintiff Jose A. Sorto also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendant Legacy Landscaping, Inc. as a laborer.

## JURISDICTION & VENUE

10.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

2

12.     At all times herein mentioned, Defendant Legacy Landscaping, Inc. is a domestic corporation doing business in the State of New York.

13.     Defendant Legacy Landscaping, Inc. does business in the State of New York, within the Eastern District of New York, maintaining its principle place of business at 2341 Harrison Avenue, Baldwin, New York 11510.

14.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Jose A. Sorto*

15.     Plaintiff Jose A. Sorto is a resident of the County of Suffolk, State of New York.

16.     At all times relevant to the Complaint, Plaintiff Jose A. Sorto has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

17.     At all times relevant, Plaintiff Jose A. Sorto has been employed by Defendants as a laborer.

18.     Plaintiff Jose A. Sorto expressed his consent to make these claims against Defendant Legacy Landscaping, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

*Plaintiff Jose A. Sorto Ramos*

19.     Plaintiff Jose A. Sorto Ramos is a resident of the County of Suffolk, State of New York.

20.     At all times relevant to the Complaint, Plaintiff Jose A. Sorto Ramos has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law

3

§ 190(2).

21.     At all times relevant, Plaintiff Jose A. Sorto Ramos has been employed by Defendants as a laborer.

22.     Plaintiff Jose A. Sorto Ramos expressed his consent to make these claims against Defendant Legacy Landscaping, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

**Plaintiff Henry Zelaya**

23.     Plaintiff Henry Zelaya is a resident of the County of Suffolk, State of New York.

24.     At all times relevant to the Complaint, Plaintiff Henry Zelaya was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

25.     At all times relevant, Plaintiff Henry Zelaya was employed by Defendants as a laborer.

26.     Plaintiff Henry Zelaya expressed his consent to make these claims against Defendant Legacy Landscaping, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

**Plaintiff Erik Rios**

27.     Plaintiff Erik Rios is a resident of the County of Nassau, State of New York.

28.     At all times relevant to the Complaint, Plaintiff Erik Rios was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and N.Y. Lab. Law § 190(2).

29.     At all times relevant, Plaintiff Erik Rios was employed by Defendants as a laborer.

30.     Plaintiff Erik Rios expressed his consent to make these claims against Defendant Legacy Landscaping, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

*Defendant Legacy Landscaping, Inc.*

31.     Upon information and belief, Defendant Legacy Landscaping, Inc. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

32.     Upon information and belief, Defendant Legacy Landscaping, Inc.'s principal place of business was and still is located at 2341 Harrison Avenue, Baldwin, New York 11510.

33.     Upon information and belief, and at all times hereinafter mentioned, Defendant Legacy Landscaping, Inc. was and still is engaged in the landscaping business.

34.     Upon information and belief, Defendant Legacy Landscaping, Inc. was and still is doing business as Legacy Landscaping.

35.     At all times hereinafter mentioned, the activities of Defendant Legacy Landscaping, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

36.     At all relevant times, Defendant Legacy Landscaping, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

37.     At all times hereinafter mentioned, Defendant Legacy Landscaping, Inc. employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

38.     Defendant Legacy Landscaping, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii) each year from in or about September 2014 through the present.

39.     At all times hereinafter mentioned, Defendant Legacy Landscaping, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

***Defendant Gregg Fowler***

40.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler owns and/or operates Defendant Legacy Landscaping, Inc.

41.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler is the President of Defendant Legacy Landscaping, Inc.

42.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler is the Vice-President of Defendant Legacy Landscaping, Inc.

43.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler is a shareholder of Defendant Legacy Landscaping, Inc.

44.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler is a corporate officer of Defendant Legacy Landscaping, Inc.

45.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler is the Chief Executive Officer of Defendant Legacy Landscaping, Inc.

46.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler is an agent of Defendant Legacy Landscaping, Inc.

47.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler has the authority over personnel decisions for Defendant Legacy Landscaping, Inc.

48.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler has the authority over payroll decisions for Defendant Legacy Landscaping, Inc.

49.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler supervises employees of the Defendant Legacy Landscaping, Inc.

50.     Upon information and belief, and at all times hereinafter mentioned, Defendant Gregg Fowler has the authority to hire and fire employees for Defendant Legacy Landscaping, Inc.

51.     Defendant Gregg Fowler has the power to make binding decisions for Defendant Legacy Landscaping, Inc.

52.     Defendant Gregg Fowler has the power to transfer the assets or liabilities of Defendant Legacy Landscaping, Inc.

53.     Defendant Gregg Fowler has the power to declare bankruptcy on behalf of Defendant Legacy Landscaping, Inc.

54.     Defendant Gregg Fowler has the power to enter into contracts on behalf of Defendant Legacy Landscaping, Inc.

55.     At all times hereinafter mentioned, Defendant Gregg Fowler was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

56.     Plaintiff Jose A. Sorto brings the First and Third Causes of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant Legacy Landscaping, Inc. as a laborer within the last 3 years and who elect to opt-in to this action.

57.     Upon information and belief, there are approximately more than 25 current and former laborers that are similarly situated to Plaintiff Jose A. Sorto who were denied overtime compensation and minimum wages.

58.     Plaintiff Jose A. Sorto represents other laborers, and is acting on behalf of Defendant Legacy Landscaping, Inc.'s current and former laborers' interests as well as his own interests in bringing this action.

59.     Defendants unlawfully required Plaintiffs and other individuals employed as laborers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

60.     Defendants unlawfully denied Plaintiffs and other individuals employed as laborers payment of minimum wages for the portal-to-portal travel time they worked for Defendants in violation of 29 C.F.R. § 785.38.

61.     Plaintiff Jose A. Sorto seeks to proceed as a collective action with regard to the First and Third Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All laborers who are currently or have been employed by Defendants (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period").

8

62.     Defendants were aware or should have been aware that the law required it to pay their laborers, including Plaintiff Jose A. Sorto and the FLSA Collective: (1) an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek; and (2) minimum wages for the portal-to-portal time they worked for Defendants. Upon information and belief, Defendants applied the same unlawful policies and practices to all of their laborers.

63.     The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant Legacy Landscaping, Inc.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Plaintiff Jose A. Sorto*

64.     Plaintiff Jose A. Sorto was employed by Defendants from in or about May 2006 through the present.

65.     Plaintiff Jose A. Sorto has been an employee of Defendants working under their direct supervision.

66.     At all times hereinafter mentioned, Plaintiff Jose A. Sorto was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

67.     During most workweeks from approximately April 15th through August 31st of each year between approximately 2012 through in or about the present, Plaintiff Jose A. Sorto worked approximately 57 hours, while employed by Defendants.

68.     During most workweeks from approximately March 20th through April 14th and September 1st through December 18th of each year between approximately 2011 through in or about the present, Plaintiff Jose A. Sorto worked approximately 47.5 hours, while employed by Defendants.

69.     Defendants failed to compensate Plaintiff Jose A. Sorto for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate throughout the entire term of his employment with Defendants.

70.     Defendants failed to compensate Plaintiff Jose A. Sorto with any wages for the travel time between his last assigned job each workday to Defendants' yard, and any additional time spent at the yard before he left each workday throughout his employment for Defendants, in violation of 29 C.F.R. § 785.38.

71.     Defendants failed to furnish Plaintiff Jose A. Sorto with a wage notice in 2012 through 2014 as was required by the NYLL.

72.     Defendants failed to furnish Plaintiff Jose A. Sorto with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid throughout his employment for Defendants each workweek.

73.     Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Jose A. Sorto.

*Plaintiff Jose A. Sorto Ramos*

74.     Plaintiff Jose A. Sorto Ramos has been employed by Defendants from in or about May 2010 through the present.

75.     Plaintiff Jose A. Sorto Ramos has been an employee of Defendants working under their direct supervision.

76.     At all times hereinafter mentioned, Plaintiff Jose A. Sorto Ramos was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

77.     During most workweeks from approximately April 15th through August 31st of each year between approximately September 2011 through in or about the present, Plaintiff Jose A. Sorto Ramos worked approximately 57 hours, while employed by Defendants.

78.     During most workweeks from approximately March 20th through April 14th and September 1st through December 18th of each year between approximately September 2011 through in or about the present, Plaintiff Jose A. Sorto Ramos worked approximately 47.5 hours, while employed by Defendants.

79.     Defendants failed to compensate Plaintiff Jose A. Sorto Ramos for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate between approximately September 2011 and the present.

80.     Defendants failed to compensate Plaintiff Jose A. Sorto Ramos with any wages for the travel time between his last assigned job each workday to Defendants' yard, and any additional time spent at the yard before he left each workday throughout his employment for Defendants, in violation of 29 C.F.R. § 785.38.

81.     Defendants failed to furnish Plaintiff Jose A. Sorto Ramos with a wage notice in 2012 through 2014 as was required by the NYLL.

82.     Defendants failed to furnish Plaintiff Jose A. Sorto Ramos with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid throughout his employment for Defendants each workweek.

83.     Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Jose A. Sorto Ramos.

*Plaintiff Henry Zelaya*

84.     Plaintiff Henry Zelaya was employed by Defendants from in or about June 2013 through in or about April 2017.

85.     Plaintiff Henry Zelaya was an employee of Defendants working under their direct supervision.

86.     At all times hereinafter mentioned, Plaintiff Henry Zelaya was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

12

87.     During most workweeks from approximately April 15th through August 31st of each year between approximately June 2013 through 2016, Plaintiff Henry Zelaya worked approximately 57 hours, while employed by Defendants.

88.     During most workweeks from approximately March 20th through April 14th of each year starting in June 2013 through April 2017 and September 1st through December 18th of each year between approximately 2013 through 2016, Plaintiff Henry Zelaya worked approximately 47.5 hours, while employed by Defendants.

89.     Defendants failed to compensate Plaintiff Henry Zelaya for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate throughout his employment for Defendants.

90.     Defendants failed to compensate Plaintiff Henry Zelaya with any wages for the travel time between his last assigned job each workday to Defendants' yard, and any additional time spent at the yard before he left each workday throughout his employment for Defendants, in violation of 29 C.F.R. § 785.38.

91.     Defendants failed to furnish Plaintiff Henry Zelaya with a wage notice in 2013 through 2014 as was required by the NYLL.

92.     Defendants failed to furnish Plaintiff Henry Zelaya with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid each workweek.

93.     Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff Henry Zelaya.

**Plaintiff Erik Rios**

13

94.     Plaintiff Erik Rios was employed by Defendants from in or about March 2017 through May 25, 2017.

95.     Plaintiff Erik Rios was an employee of Defendants working under their direct supervision.

96.     At all times hereinafter mentioned, Plaintiff Erik Rios was required to be paid overtime pay by Defendants at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

97.     During most workweeks from approximately April 15, 2017 through May 25, 2017, Plaintiff Erik Rios worked approximately 57 hours, while employed by Defendants.

98.     During most workweeks from approximately March 20, 2017 through April 14, 2017, Plaintiff Erik Rios worked approximately 47.5 hours, while employed by Defendants.

99.     Defendants failed to compensate Plaintiff Erik Rios for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate throughout the entire term of his employment with Defendants.

100.    Defendants failed to compensate Plaintiff Erik Rios with any wages for the travel time between his last assigned job each workday to Defendants' yard, and any additional time spent at the yard before he left each workday throughout his employment for Defendants, in violation of 29 C.F.R. § 785.38.

101.    Defendants failed to furnish Plaintiff Erik Rios with a wage notice upon being hired as is required by the NYLL.

102.    Defendants failed to furnish Plaintiff Erik Rios with an accurate statements of wages

14

listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid each workweek.

103.    Upon information and belief, Defendant Legacy Landscaping, Inc. did not keep accurate records of hours worked by Plaintiff Erik Rios.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

104.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105.    Defendants employed Plaintiffs and the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the FLSA Collective for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

106.    The complete records concerning the number of hours worked by Plaintiffs and the FLSA Collective as well as the compensation Plaintiffs and the FLSA Collective received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiffs are unable to state at this time the exact amount due and owing to them.

107.    Plaintiffs have expressed their consent to make these claims against Defendant Legacy Landscaping, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit "A," annexed hereto).

108.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and

the FLSA Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
### (Brought on behalf of Plaintiffs)

109.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

110.    Defendants employed Plaintiffs for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of the NYLL.

111.    By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

112.    Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiffs.

113.    Defendants' failure to pay overtime compensation to Plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

114.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

115.    Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by

the Defendants as provided by the NYLL.

### THIRD CAUSE OF ACTION
### FLSA – Failure to Pay Minimum Wage
### (Brought on behalf of Plaintiffs and the members of the FLSA Collective)

116.   Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

117.   At all relevant times, Plaintiffs and the FLSA Collective were Defendants' employees within the meaning of 29 U.S.C. § 203(e)(1).

118.   At all relevant times, Defendants were Plaintiffs and the FLSA Collective's employer within the meaning of 29 U.S.C. § 203(d).

119.   At all relevant times, Plaintiffs, the FLSA Collective, and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

120.   At all relevant times, the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1).

121.   Defendants willfully failed to pay Plaintiffs and the FLSA Collective at the minimum wages for the travel time they worked between their last assigned job each workday and Defendants' yard, in violation of FLSA, 29 U.S.C. § 206(a); 29 C.F.R. 785.38.

122.   As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the FLSA Collective have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid compensation, together with interest and liquidated damages, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### NYLL – Failure to Pay Minimum Wage
### (Brought on behalf of Plaintiffs)

17

123.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

124.    At all times relevant to this action, the state minimum wage was $7.25 per hour on and after July 24, 2009; $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 31, 2014; $9.00 per hour on and after December 31, 2015; and $10.00 per hour on and after December 31, 2016, as codified by N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 142-2.1.

125.    Defendants' knew or should have known that they were required to pay Plaintiffs the minimum wage for all hours worked, including the portal to portal time worked.

126.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs any wages for their portal to portal time performed each workweek, in violation of N.Y. Lab. Law § 650 *et seq.*

127.    Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid wages for the portal to portal time spent between Plaintiffs last assigned landscaping job each workday and when they left Defendants' yard, liquidated damages, reasonable attorneys' fees, and costs of this action pursuant to NYLL § 663(1).

**FIFTH CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs)**

128.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs

129.    Defendants failed to supply Plaintiffs notice as required by N.Y. Lab. Law § 195, in English or in the language identified by each Plaintiff as his primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

130.    Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

131.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiffs are each entitled to damages of $50, or a total of $2,500 per Plaintiff, as

provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

132.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $50, or a total of $5,000 per Plaintiff, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

133.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs are each entitled to damages of $100, or a total of $2,500 per Plaintiff, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

134.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each work day that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $250, or a total of $5,000 per Plaintiff, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, seek for the following relief:

A.    That, at the earliest possible time, Plaintiff Jose A. Sorto be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as laborers, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

20

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations from Defendants;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations from Defendants;

E.      Unpaid minimum wage pursuant and liquidated damages permitted by law pursuant to NYLL and the supporting Minimum Wage Order;

F.      Statutory damages for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by N.Y. Lab. Law § 198;

G.      Pre-judgment interest and post-judgment interest as provided by law;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

I.      Attorneys' fees and costs of the action;

J.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq*.;

K.      An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq*.;

L.      Appropriate monetary relief for lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

M.      Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and

NYLL § 215(d); and

N.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
        September 25, 2017

Respectfully submitted,

By:    */s/ Marijana Matura*
        Marijana Matura

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana Matura
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

*Attorneys for Plaintiffs and the*
*Putative FLSA Collective Class*