SHULMANKESSLER LLP

December 19, 2018

**Via ECF**
Hon. Joseph F. Biacno, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:** ***Sorto, et al. v. Legacy Landscaping, Inc., et al.***
**Case No. 17 Civ. 5599 (JFB)(SIL)**

Dear Judge Bianco:

The parties respectfully write to jointly request that the Court approve the settlement reached in this matter. The parties respectfully submit that the Court should approve the instant Settlement Agreement (attached as Exhibit 1 to Declaration of Marijana in Support of the Parties' Motion to Approve the FLSA Settlement ("Matura Decl.")[1] and so order the Stipulation of Dismissal with Prejudice (attached as Exhibit B to the Settlement Agreement) because the settlement reflects a reasonable compromise over contested issues that was reached as a result of an arms-length negotiation between the parties, who were adequately represented by counsel. *See* Matura Decl. ¶¶ 5-14 and 19-28.

## I. Background

Plaintiffs Jose A. Sorto, Jose A. Sorto Ramos, Henry Zelaya, and Erik Rios (collectively "Plaintiffs") worked for Defendants as laborers for Defendants' landscaping company. *Id.* ¶ 16. On September 25, 2017, Plaintiffs on behalf of themselves and others similarly situated, filed a Complaint with this Court. (ECF No. 1). The Complaint alleged that Defendants violated of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as well as the New York Labor Law ("NYLL"). *Id.* Plaintiffs alleged that Defendants failed to provide them and similarly situated employees with overtime wages and minimum wages in violation of the FLSA and the NYLL as well as accurate wage statements and notices pursuant to the NYLL. *See* Matura Decl. ¶ 16. On February 9, 2018, Defendants filed their Answer. *See Id.* ¶ 17; ECF No. 8. In their Answer, Defendants denied the violations of the FLSA and NYLL that Plaintiffs' asserted. *See* ECF No. 8. Defendants contend that at all times Plaintiffs were paid correctly, were provided with accurate wage notices and wage statements, and deny owing any unpaid wages or damages under the relevant laws. *Id.*

---

[1] All Exhibits hereinafter are attached to the Matura Decl.

534 Broadhollow Road, Suite 275
Melville, New York 11747
Tel 631.499.9100 Fax 631.499.9120
www.shulmankessler.com





The parties engaged in formal discovery, including the exchange of document requests, interrogatories, and responses thereto. *See* Matura Decl. ¶ 19. Plaintiffs analyzed Defendants' records and, based upon these records and the Plaintiffs' allegations, created a spreadsheet to compute the approximate amount of damages owed. *Id*. Based on Plaintiffs' analysis of Defendants' records, the parties engaged in direct negotiations to resolve the matter. *Id.* ¶ 19. Defendants have agreed to settle this lawsuit without admitting any liability or wrongdoing. *See* Exhibit 1, Sec. C.

## II. The Settlement Between the Plaintiffs and Defendants.

The parties have agreed to settle Plaintiffs' claims in the aggregate amount of $45,000.00. *See* Matura Decl. ¶ 20. The proposed settlement provides that each Plaintiff will receive a payment based on his *pro-rata* of the estimated best case scenario of his claim. *Id***.** ¶ 21. According to Plaintiffs' calculations, the proposed settlement represents approximately 50% of Plaintiffs' best-case scenario. *Id.* ¶ 23.

## III. The Proposed Settlement is Fair and Reasonable and Consistent with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House.*

Parties may not enter into a FLSA settlement agreement and stipulate to the dismissal of their case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without Court approval. *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y 2012) (district court must evaluate a settlement to determine if it is fair and reasonable.)

In evaluating the fairness and reasonableness of the proposed settlement, the Court should consider the totality of the circumstances. *See Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015). To make this determination the court examines five factors: "(1) plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; [and] (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 335 (S.D.N.Y. 2012). Additionally, the Court should be mindful of the "admonitions" set forth in *Cheeks*. *Gonzales*, 2015 WL 6550560, at *1. The settlement here satisfies the five *Wolinsky* factors and does not conflict with the *Cheeks* admonitions.

First, the settlement is fair and reasonable because it represents 50% of Plaintiffs' asserted best case scenario for claims for unpaid wages including: unpaid overtime, wage statement





violation damages, interest owed on the NYLL claims, and 100% of liquidated damages. *See* Matura Decl. ¶ 23. The second and third *Wolinsky* factors are met because both parties will avoid the expense and risk of a lengthy fact specific trial. *See Id.* ¶¶ 24-28. The fourth and fifth *Wolinsky* factors are also satisfied as the settlement is the product of an arms-length negotiation that took place between counsel based damages calculated that were based on a voluminous document production, void of fraud or collusion. *See Id.* ¶¶ 20-21. Thus, there can be no suggestion of fraud or collusion between the parties or their counsel.

A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable Counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *see also Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009) ("The assistance of [] experienced mediator[s] . . . reinforces that the Settlement Agreement is non-collusive."). The parties engaged in formal discovery, including the exchange of documents requests, interrogatories, and responses thereto. *See* Matura Decl. ¶ 19. The settlement amount was reached through several months of involved back-and-forth negotiations between informed counsel that engaged in arms-length bargaining at all times, and ultimately reached a fair compromise. *See Id.* ¶¶ 19-21. These factors all weigh in favor approving the settlement.

The proposed settlement, which provides for an immediate payment of $10,000.00 and a final payment of $35,000.00, was the result of arms-length negotiations between experienced counsel, is fair and should be approved. *See Id.* ¶ 20. Based on Plaintiffs' counsel's knowledge of the facts, regulations and case law pertaining to Plaintiffs' claims, Plaintiffs' settlement represents 50% of Plaintiffs' best potential recovery scenario on their FLSA and NYLL overtime claims and NYLL wage statement claim. *See* Exhibit 5 ("Plaintiffs' Best Case Scenario Damages Calculations"); *See* Matura Decl. ¶¶ 23-28. Thus, taken with the litigation risks discussed below, the settlement is more than fair and reasonable. *See Id.*

Plaintiffs acknowledge that there is a risk in order to prevail in this matter, including but not limited to: a delay of payment if they were to proceed with the litigation, a substantial risk of an adverse finding, and the delay in a potential appeal. *Id.* While Plaintiffs believe they will ultimately prevail on their claims, they acknowledge that there are risks involved in establishing liability and damages. *See id.* Indeed, Plaintiffs conceded their minimum wage and Wage Theft Prevention Act wage notice damages based on the documents Defendants produced in discovery that refuted these claims. *Id.* ¶ 20. Although the parties have exchanged documents, they still need conduct depositions of all parties in order to establish their respective claims and defenses. *See Id.* ¶ 25. Completing depositions will require the parties to invest substantial time and expense into this matter. *Id.* Moreover, Plaintiffs face a substantial risk of being unable to collect on a potential judgment from Defendants due to the limited available funds. *See Id.* ¶ 26. Due to





Defendants' limited available funds, Plaintiffs' agreed upon two settlement installments in order to secure a larger settlement that Defendants' would be able to pay. *Id.*

This settlement resolves the *bona fide* disputes between the parties, does not contain a general release of claims by Plaintiffs or a confidentiality clause, and provides an immediate payment to Plaintiffs. *See* Exhibit 1. The settlement was reached through the course of arm's length negotiations between counsel. *See* Matura Decl. ¶¶ 19-20. During the negotiations spanning over 5 months, the parties each evaluated the strengths and weaknesses of the claims alongside the cost of continued litigation. *See Id.* Thus, there was no fraud or collusion between counsel. Since the proposed settlement reflects a reasonable compromise over contested issues, the Court should approve the settlement. *See Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement.")(citation omitted).

**IV. The Proposed Settlement Does not Conflict with the *Cheeks* Admonitions.**

The Agreement does not present any of the *Cheeks* problems. *See Gonzales*, 2015 WL 6550560, at *3 (finding that *Cheeks* highlighted the potential for abuse in settlements with overbroad general releases and confidentiality provisions); *Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15 Civ. 2588, 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016) (finding *Cheeks* prohibits an overly restrictive non-disparagement clause). The Agreement contains no confidentiality provision or non-disparagement clause. Further, the agreement only provides for a release of Plaintiffs' FLSA and NYLL claims against the employer. *See* Exhibit 1, Section 5.

**V. Plaintiffs' Request for Attorneys' Fees and Costs are Reasonable.**

Plaintiffs' counsel's fees are one-third of the gross Settlement Amount total sum, which is reasonable, considering the time Plaintiffs' counsel spent litigating this claim. *See* Matura Decl. ¶¶ 29-36. In wage and hour lawsuits, the "percentage-of-recovery method is consistent with the trend in this Circuit." *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015). Plaintiffs' counsel's request for a contingency fee of one-third of the settlement is consistent with the norms in this district. *See Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360 *1 (E.D.N.Y. Apr. 14, 2016) (collecting cases).

The practice in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "cross check." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Here, SK requested fee is *less than* the lodestar, representing approximately 60% of the lodestar amount. *Id.* ¶¶ 36; *see e.g.*, *Yang*, 2016 WL 6746763, at *3 (granting attorneys'





fees of one-third in an FLSA settlement where counsel submitted records which also demonstrated that an actual fee award would be 41% of the lodestar further evidenced reasonableness of fees sought). This lodestar also does not take into consideration time to be spent administering the settlement installments to the Plaintiffs. *See* Matura Decl. ¶ 29; Exhibits 2 and 3. Plaintiffs' counsel is also requesting reimbursement for $407.36 in costs. *See* Matura Decl. ¶ 36; Exhibit 4.

The Court should also consider whether the proposed attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberg*, 209 F.3d at 50. Based on Plaintiffs' counsel's contemporaneous records documenting time and labor spent on reaching this settlement, the risks involved in litigating this matter, the quality of Plaintiffs' counsel's representation, and the public policy considerations, the parties jointly request the Court approve Plaintiffs' counsel's requested attorneys' fees. *See* Matura Decl. ¶¶ 19-36.

* * * *

Accordingly, Plaintiffs and Defendants respectfully request that Your Honor approve the settlement, and so order the Stipulation of Dismissal with Prejudice (attached to Exhibit 1 as Exhibit B).

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Marijana Matura
Marijana Matura

cc: All Counsel (via ECF)